No. 24-70001

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

BARTHOLOMEW GRANGER,

Petitioner-Appellant,

v.

BOBBY LUMPKIN, Director, Texas Department of Criminal Justice,
Correctional Institutions Division,

Respondent-Appellee

_____

PETITION FOR PANEL REHEARING
_____

Peter Walker
Federal Community Defender Office
for the Eastern District of Pennsylvania
Suite 545 West – The Curtis
Philadelphia, PA 19106
215-928-0520
Peter_Walker@fd.org

*Counsel for Petitioner-Appellant*

Dated: August 27, 2024

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following persons and entities as described by Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

**Petitioner-Appellant**

Bartholomew Granger
TDCJ Polunsky Unit
Livingston, Texas

**Counsel for Petitioner-Appellant**

Peter Walker
Federal Community Defender Office
for the Eastern District of Pennsylvania

**Respondent-Appellee**

Bobby Lumpkin, Director
Texas Department of Criminal Justice, Institutional Division

**Counsel for Respondent-Appellee**

Gwendolyn Vindell
Office of the Attorney General

/s/ Peter Walker
Peter Walker
Assistant Federal Defender
Federal Community Defender Office
for the Eastern District of
Pennsylvania
Suite 545 West – The Curtis
Philadelphia, PA 19106
215-928-0520
*Counsel for Petitioner-Appellant*

**TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ........................................................ i
TABLE OF AUTHORITIES ............................................................................... iii
INTRODUCTION ................................................................................................1
ARGUMENT .......................................................................................................3
    I.    THE PANEL WRONGLY ATTRIBUTED TO JUROR GILLAS AN "UNEQUIVOCAL" STATEMENT THAT "SHE COULD SERVE FAIRLY AND IMPARTIALLY," AND ON THAT BASIS, WRONGLY DENIED THE SUBSTANTIALITY OF GRANGER'S CLAIM THAT TRIAL COUNSEL DEFICIENTLY FAILED TO INQUIRE OF GILLAS AND TO CHALLENGE HER FOR CAUSE OR STRIKE HER. ....................................................................................3
CONCLUSION ....................................................................................................6

# TABLE OF AUTHORITIES

**Federal Cases**

*Martinez v. Ryan*, 566 U.S. 1 (2012) ........................................................................3

*Patton v. Yount*, 467 U.S. 1025 (1984) ....................................................................4

*United States v. Fields*, 483 F.3d 313 (5th Cir. 2007) ..............................................5

*Virgil v. Dretke*, 446 F.3d 598 (5th Cir. 2006) .........................................................6


**State Statutes**

Tex. Code Crim. Proc. Ann., art. 11.071 ...................................................................3

Tex. Code Crim. Proc. Ann., art. 37.071 ...................................................................5

# INTRODUCTION

A critical misreading of the record underlies the panel's ruling denying a Certificate of Appealability (COA) on Bartholomew Granger's claim that trial counsel performed ineffectively by failing to inquire of and exclude Juror Billie Rae Gillas. According to the panel's opinion, Juror Gillas "unequivocally stated that she could serve fairly and impartially." Slip op. at 5. But Gillas made no such statement—unequivocally or otherwise—and Gillas otherwise acknowledged that her experience of child molestation would affect her assessment and weighing of aggravating and mitigating circumstances. ROA.9781–84. Rehearing should be granted so that the panel can correct the mistake that led it to deny a COA on Granger's substantial Sixth Amendment claim.

# STATEMENT OF THE COURSE OF PROCEEDINGS

As detailed in Granger's application for COA and supporting brief, Granger was convicted of capital murder and sentenced to death for the March 14, 2012, killing of Minnie Ray Sebolt. The shooting occurred in front of the Jefferson County Courthouse, where Granger was on trial for sexual-assault charges based on allegations made by his daughter. Slip op. at 2.

Relevant here, Gillas reported "child molestation by stepfather" on Question 30 of her juror questionnaire. ROA.14346. Asked whether her experience would affect her at trial "in any way whatsoever," Gillas acknowledged, "Well, of course,

1

it would affect me." ROA.9781. She explained that her experience "will certainly have some bearing" on her assessment of the case, "because I will have personal knowledge of how that could affect an individual." ROA.9781–82. The prosecutor attempted to rehabilitate Gillas, asking whether her life experiences would lead her to decide guilt-or-innocence or the special penalty questions "based upon your emotions and not upon the facts that were presented to you." ROA.9783. Gillas answered "not likely." ROA.9783. The prosecutor explained that Gillas needed to clearly specify whether "it would not or it would" because jurors were required to take and follow an oath. Gillas responded, "I'd guess I don't know." ROA.9784. Although Gillas later said she could answer the special verdict questions depending on the evidence, ROA.9797, she could not commit to a strictly evidence-based decision: "I guess I don't know. . . . [I]t's really so theoretical at this point," ROA.9784; ROA.9797.

Defense counsel failed to follow up. He asked no questions of Gillas, declined to challenge her for cause, and failed to exercise a peremptory challenge. ROA.9799. State habeas counsel compounded that failure to by not raising any claim that trial counsel performed ineffectively with respect to Gillas. After the district court stayed the habeas proceedings, undersigned counsel returned to state court in order to exhaust such a claim. The Texas Court of Criminal Appeals dismissed the claim, along with others, ruling that Granger "has failed to satisfy the requirements of

2

Article 11.071, § 5(a)." ROA.17827. The district court concluded that Granger defaulted the ineffective-assistance claim by not bringing it in his initial state habeas proceedings. It refused to excuse the default under *Martinez v. Ryan*, 566 U.S. 1 (2012), reasoning that the claim is without merit and is therefore "insubstantial for the purposes of *Martinez*." ROA.2564.

This Court declined to certify the claim. Slip op. at 5–6. The panel reasoned there was no showing of "any bias" by Gillas, because, "[a]s noted by the State," Gillas "unequivocally stated that she could serve fairly and impartially." *Id.* at 5. Trial counsel was left with a strategic decision on how to treat Gillas, the panel concluded. *Id.* Upholding the "strategic decision" that it imputed to trial counsel, the panel held that "no reasonable jurist would find that Granger adequately excused his default," or, otherwise stated, that "jurists of reason could not debate Granger's claim[]." *Id.* at 5–6. This petition follows.

## ARGUMENT

I.  **THE PANEL WRONGLY ATTRIBUTED TO JUROR GILLAS AN "UNEQUIVOCAL" STATEMENT THAT "SHE COULD SERVE FAIRLY AND IMPARTIALLY," AND ON THAT BASIS, WRONGLY DENIED THE SUBSTANTIALITY OF GRANGER'S CLAIM THAT TRIAL COUNSEL DEFICIENTLY FAILED TO INQUIRE OF GILLAS AND TO CHALLENGE HER FOR CAUSE OR STRIKE HER.**

Contrary to the Court's opinion, Gillas never said she could be fair or impartial. ROA.9767–9802. The prosecutor never used those words and she never uttered them. The fact that Gillas said "Yes, I can" to the question of whether she

3

could "serve as a juror on this kind of case," ROA.9797, does not establish that she could decide the issues without the improper influence of her past experience. Having acknowledged that her experience would "of course" affect her in this case, Gillas never clearly stated that she would base her verdicts on the events of trial alone. Although Gillas said it was "not likely" her verdicts would reflect an emotional response to her previous experience, she clarified, in response to a question of whether she could take and follow her oath, "I guess I don't know" and "it's really so theoretical at this point." ROA.9783–84.

At the end of the process, the prosecutor secured Gillas's agreement that she could answer the penalty-phase question, as he characterized it, whether "the favorable outweighs the bad." ROA.9797. But, even after giving her a detailed description of the trial process, he never asked her the key question—whether her life experiences would affect her decision process. Gillas had already refused to make a commitment that they would not, and she never retracted that refusal. Having admitted that her previous experience would "of course" affect her, Gillas was unqualified to serve because she could not "swear that [s]he could set aside any opinion [s]he might hold and decide the case on the evidence." *Patton v. Yount*, 467 U.S. 1025, 1036 (1984).

Gillas's non-assurances of impartiality are especially troubling with respect to the penalty phase, because the weighing of mitigating factors against a

4

defendant's crime does not involve "a finding of fact" but is instead "a highly subjective, largely moral judgment regarding the punishment that a particular person deserves." *United States v. Fields*, 483 F.3d 313, 346 (5th Cir. 2007). Jurors must decide whether "there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment without parole rather than a death sentence be imposed." Tex. Code Crim. Proc. art. 37.071, § 2(e)(1). Gillas herself explained that the special question involves "our own judgments" and is not solely "evidence based." ROA.9782. The prosecutor similarly described the "mercy question" under which the jury decides "if there's something favorable enough to outweigh the bad that you've heard." ROA.9794. The issue "is simply a weighing of all the circumstances, and the jury decides is this guy worth saving." ROA.8913.

Gillas had "personal knowledge" of how sexual abuse "could affect an individual." ROA.9781–82. That knowledge "of course . . . would affect me," ROA.9781, as the jurors weighed all of the circumstances—including the prosecution's contention that Granger had molested his daughter. Gillas was not qualified to serve, because her experience would "of course" color her judgment of which sentence to impose.

Trial counsel performed deficiently by asking no questions of Gillas, by failing to challenge her for cause, and by failing to exercise a peremptory challenge even though three of the defense's strikes went unused. *See Virgil v. Dretke*, 446

5

F.3d 598, 610 (5th Cir. 2006). That failure prejudiced the defense because a biased juror renders the results of a trial "unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." *Id.* at 613. The Court should certify Granger's claim.

## CONCLUSION

The Court should grant rehearing in order to correct its erroneous opinion, which misreads the record and wrongly denies a COA.

Respectfully submitted,

/s/ Peter Walker
Peter Walker
Assistant Federal Defender
Federal Community Defender Office
for the Eastern District of
Pennsylvania
Suite 545 West – The Curtis
Philadelphia, PA 19106
215-928-0520

Dated: August 27, 2024

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

This document complies with the type-volume limit of Federal Rule of Appellate Procedure 35(b)(2)(A) because, excluding the parts of the document exempted from Federal Rule of Appellate Procedure 32(f), this document contains 1,768 words.

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in fourteen-point Times New Roman.

/s/ Peter Walker
Peter Walker

Dated: August 27, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused the foregoing to be served on the following person by ECF filing:

Gwendolyn Vindell
Assistant Attorney General
Office of the Attorney General of Texas
Post Office Box 12548
Austin, TX 78711-2548

/s/ Peter Walker
Peter Walker

Dated: August 27, 2024